IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM JACOBS, et al., | : |
| Plaintiffs, | : |
| | Case No. 3:10-cv-183 |
| vs. | : |
| | JUDGE WALTER HERBERT RICE |
| WELLS FARGO & CO., *et al.*, | : |
| Defendants | : |

DECISION AND ENTRY SUSTAINING DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION FOR SUMMARY JUDGMENT (DOC. #30); JUDGMENT TO ENTER IN FAVOR OF DEFENDANT OCWEN LOAN SERVICING, LLC, AND AGAINST PLAINTIFFS; TERMINATION ENTRY

After foreclosure proceedings were instituted against them, Plaintiffs William and Sherry Jacobs filed suit against Wells Fargo and Company, Wachovia Bank North America, Ocwen Financial Corporation, and Ocwen Loan Servicing, LLC, alleging violations of the Fair Debt Collection Practices Act, fraud, and intentional infliction of emotional distress. On November 22, 2010, the Court dismissed the claims against Ocwen Financial Corporation for lack of personal jurisdiction. Doc. #16. On February 24, 2011, Plaintiffs voluntarily dismissed all claims against Wells Fargo and Wachovia. Doc. #20. This left Ocwen Loan Servicing, LLC

(hereafter "Ocwen") as the only remaining defendant.[1] On July 20, 2011, the Court sustained Ocwen's unopposed motion to deem requests for admission admitted.

This matter is currently before the Court on Ocwen's unopposed Motion for Summary Judgment, Doc. #30, filed on August 5, 2011. On October 7, 2011, the Court issued a Show Cause Order, Doc. #31, noting that Plaintiffs had failed to file a response within the time allotted, and ordering Plaintiffs to show cause no later than October 20, 2011, why Ocwen's motion should not be granted as unopposed. Plaintiffs have failed to respond to the Show Cause Order.

I. **Relevant Facts**

When a motion for summary judgment is unopposed, the Court may properly rely on the facts as set forth by the moving party. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). According to Ocwen, Plaintiffs executed a $45,0000 promissory note and mortgage in favor of Aames Funding Corporation on December 24, 1997. The note and mortgage were later transferred to U.S. Bank. Ocwen began servicing the loan on October 24, 2000.

According to the Complaint, Plaintiffs filed for bankruptcy protection in May of 2003, and in July of 2008, the Bankruptcy Court allegedly issued an Order stating the Plaintiffs' mortgage was current, and that all escrow and interest fee

---

[1] Plaintiffs also named other John and Jane Does in the Complaint, but none was identified and served within the time allotted by civil rules.

charges were discharged. Compl. ¶¶ 16-17. Ocwen nevertheless added those charges back onto Plaintiffs' account and attempted to collect them. Plaintiffs' attempts to dispute the charges were unsuccessful. Because Plaintiffs were not able to pay these additional charges, they defaulted on the loan. Compl. ¶¶ 18-19. Ocwen later instituted a foreclosure action, prompting Plaintiffs to file suit.

## II. Standard of Review

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991). "Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

3

As previously noted, Plaintiffs have completely failed to respond to Ocwen's Motion for Summary Judgment. Nevertheless, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he [or she] has discharged [his or her initial] burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir.1991)).

### III. Analysis

Plaintiffs allege that Ocwen's conduct violated various provisions of the Fair Debt Collection Practices Act. They also assert claims of fraud and intentional infliction of emotional distress. Ocwen has moved for summary judgment on all claims.

#### A. Fair Debt Collection Practices Act/Fair Credit Billing Act

Plaintiffs' Complaint alleges that Ocwen violated the Fair Debt Collection Practices Act ("FDCPA") by: (1) attempting to collect unauthorized amounts, in violation of 15 U.S.C. § 1692f(1); (2) taking or threatening to take nonjudicial action to effect dispossession of property if the property is exempt by law from such dispossession, in violation of 15 U.S.C. § 1692f(6); and (3) using false, deceptive, or misleading representations in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e(4) and (5).

Ocwen notes that the FDCPA regulates only "debt collectors" as defined in 15 U.S.C. § 1692a(6). The statutory definition specifically excludes:

4

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) *is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement*; (ii) concerns a debt which was originated by such person; (iii) *concerns a debt which was not in default at the time it was obtained by such person*; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F) (emphasis added).

Ocwen argues that it falls within this statutory exclusion for two reasons. First, because it is undisputed that Plaintiffs were not in default at the time Ocwen began servicing the loan in 2000, the statutory exclusion set forth in § 1692a(6)(F)(iii) applies. *See Motley v. Homecomings Fin., LLC*, 557 F. Supp.2d 1005, 1009 (D. Minn. 2008) (holding that a mortgage servicing company is not a "debt collector" if the debt was not in default at the time it was assigned); *Bridge v. Ocwen Fed. Bank*, 669 F. Supp.2d 853, 857-58 (N.D. Ohio 2009) ("the relevant provisions of the FDCPA apply only to debt collectors and not to . . . loan servicers."). Second, as the servicer of the loan, Ocwen has a fiduciary obligation to the holder of the mortgage, and its collection efforts were incidental to that obligation, the statutory exclusion set forth in § 1692a(6)(F)(i) applies.

Plaintiffs have presented no evidence from which a reasonable jury could find that Ocwen is a "debt collector," subject to the restrictions of the FDCPA. The Court therefore concludes that Ocwen is entitled to judgment as a matter of law on each of Plaintiffs' FDCPA claims.

Plaintiffs' Complaint also alleges that Ocwen violated the Fair Credit Billing Act by failing to provide a sufficient response to Plaintiffs' dispute of a billing error, in violation of 15 U.S.C. § 1666(a)(B)(ii). That statute, however, applies only to statements transmitted "in connection with an extension of consumer credit." 15 U.S.C. § 1666(a). The billing error correction procedure set forth in § 1666(a) has consistently been interpreted to apply "only to open-end credit transactions, and, chiefly, to credit card accounts." *Jacobs v. Marine Midland Bank, N.A.*, 475 N.Y.S.2d 1003, 1006 (N.Y. Sup. Ct. 1984). Because the Fair Credit Billing Act does not apply to the promissory note at issue in this case, Ocwen was not subject to the restrictions of § 1666(a)(B)(II). Ocwen is therefore entitled to summary judgment on this claim also.

### B. Fraud

According to Plaintiffs' Complaint, Ocwen falsely led them to believe that they owed an additional $5,196.72 for escrow costs and interest costs, and unlawfully attempted collect this money from Plaintiffs, ultimately instituting foreclosure proceedings. Compl. ¶¶ 32-35. Plaintiffs maintain that Ocwen's conduct constitutes fraud.

Ocwen argues that it is entitled to summary judgment on this claims because the economic loss rule forecloses recovery in tort for purely economic damages when the claims arise out of a contractual relationship between the parties. In the alternative, Ocwen argues that there are no genuine disputes of material fact since

6

Plaintiffs are deemed to have admitted that they cannot establish essential elements of the claim. The Court sustains Ocwen's motion on this alternative basis.

In *Williams v. Aetna Finance Co.*, 83 Ohio St.3d 464, 700 N.E.2d 859 (Ohio 1998), the Supreme Court of Ohio set forth the elements of fraud as follows:

> (a) a representation or, where there is a duty to disclose, concealment of a fact,
>
> (b) which is material to the transaction at hand,
>
> (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
>
> (d) with the intent of misleading another into relying upon it,
>
> (e) justifiable reliance upon the representation or concealment, and
>
> (f) a resulting injury proximately caused by the reliance.

*Id.* at 475, 700 N.E.2d at 868.

Plaintiffs are deemed to have admitted that Ocwen committed no fraud against them, made no misrepresentation to them, and that they suffered no damages. *See* Doc. #22; July 20, 2011, Order Granting Ocwen's Motion to Deem Requests For Admission Admitted. Based on these admissions, no reasonable jury could find that Plaintiffs can establish all of the essential elements of a claim of fraud. Ocwen is therefore entitled to summary judgment on this claim.

## C. Intentional Infliction of Emotional Distress

Finally, Plaintiffs allege that Ocwen's conduct has caused Plaintiffs to suffer "an extreme amount of stress, which has emotionally and psychologically harmed the Plaintiffs." Compl. ¶ 41. Again, Ocwen argues that summary judgment is warranted because the economic loss rule forecloses recovery on this tort claim. In the alternative, Ocwen argues that there are no genuine disputes of material fact since Plaintiffs are deemed to have admitted that they cannot establish essential elements of the claim. Again, the Court sustains Ocwen's motion on this alternative basis.

In order to succeed on a claim of intentional infliction of emotional distress, a plaintiff must prove that:

> (1) the defendant intended to cause emotional distress, or knew or should have known that his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure.

*Eblin v. Corrections Med. Ctr.*, 158 Ohio App.3d 801, 2004-Ohio-5547, 822 N.E.2d 814, at ¶ 19.

Plaintiffs are deemed to have admitted that they have no damages, that they have not seen a doctor for treatment related to their claims for emotional distress, and that they have experienced no pain or suffering as a result of Ocwen's conduct. *See* Doc. #22; July 20, 2011, Order Granting Ocwen's Motion to Deem

8

Requests For Admission Admitted. In light of these admissions, no reasonable jury could find that Plaintiffs suffered serious mental anguish of a nature no reasonable person could be expected to endure. Ocwen is therefore entitled to summary judgment on this claim.

## IV. Conclusion

For the reasons set forth above, the Court SUSTAINS Defendant Ocwen Loan Servicing, LLC's unopposed Motion for Summary Judgment. Doc. #30.

Judgment will be entered in favor of Defendant Ocwen Loan Servicing, LLC, and against Plaintiffs. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 27, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record